Jerry RUSSELL and Sherry
Russell, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVEL-
OPMENT, Defendant.

No. CIV. 02–2147.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

Aug. 2, 2002.

Kevin Hickey, Fort Smith, AR, for
plaintiffs.

Charles E. Smith, Assistant U.S. Attor-
ney, Fort Smith, AR, for defendant.

### ORDER

DAWSON, District Judge.

On this 2nd day of August 2002, there
comes on for consideration the Plaintiffs'
motion to remand. (Doc. # 4). After re-
viewing the complaint, the removal petition
and the applicable case law, and for the
reasons set forth within this order, we
conclude that the motion to remand should
be denied.

Plaintiffs originally filed a complaint in
the Circuit Court of Crawford County, Ar-
kansas on May 20, 2002, alleging that they
entered into a written contract to purchase
certain real property from Defendant, the
United States Department of Housing and
Urban Development (HUD). Plaintiffs
claim that they have met all conditions of
the contract, and that HUD has breached
the contract by failing to convey title.
Plaintiffs pray for a judgment requiring
HUD to complete the real estate sale
transaction.

HUD removed the complaint to this
court on June 28, 2002, alleging the claim
"purports to be an action to require the
United States to specifically perform a
purported real estate contract, to which
the United States, acting by the through
the United States [Department of] Hous-
ing and Urban Development, may be a
party." (Removal Not. ¶ 1). The removal
petition further alleges, "That this action is
an action for specific performance against

an agency of the United States of America, and is thus removable by the United States under Section 1442(a)(1) of Title 28, United States Code." (*Id.* at ¶ 2). Plaintiffs timely filed the motion to remand contending that the case was improperly removed for their complaint does not allege a federal claim and the removal notice does not allege adequate grounds for removal under section 1442(a)(1) because it fails to allege a colorable federal defense.

 HUD has invoked removal jurisdiction under a statute that allows removal to the federal courts of any civil action against any agency of the United States sued in an official capacity for any act under color of such office. 28 U.S.C. § 1442(a)(1). The Supreme Court has held that "the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act under color of federal office, regardless of whether the suit could originally have been brought in a federal court. Federal question jurisdiction rests on a federal interest in the matter." *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969) (internal quotations and citation omitted). To qualify for removal under the statute, the federal agency or officer must raise a colorable defense arising out of a duty to enforce federal law. *Id.*

In order to remove a case from a state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal ..." 28 U.S.C. § 1446(a). The question is whether it is apparent from the removal notice that HUD has a federal defense to the complaint. Although the removal notice may be deficient in this respect, HUD has filed an amended notice of removal which states in part, "the defenses [HUD] has in this action involve the application of federal law, namely the bar against specif-

ic performance from the federal government." (Am.Not. Removal ¶ 3.) We find that the amended removal notice does present at least a colorable federal defense to Plaintiffs' complaint. Accordingly, the motion for remand should be and hereby is DENIED.

IT IS SO ORDERED.